UNITED STATES DISTRICT COURT
EASTERNDISTRICT OF NEW YORK

---------------------------------------------------------------------- X

HECTOR ASITIMBAY and JOSE AZOGUE,  :

                          Plaintiffs,  :

         -against-  :

                                              :  **COMPLAINT**

BOTTE BROOKLYN LLC, BOTTE CUCINA LLC  :
d/b/a BOTTE UES, BOTTE TRIBECA LLC,  :
FRANCESCO   LAURONI,   and   VALERIO  :
FUCCILO,  :

                       Defendants.  :

---------------------------------------------------------------------- X

Plaintiffs Hector Asitimbay and Jose Azogue (collectively, "Plaintiffs"), by their attorney Pechman Law Group PLLC, complaining of Defendants Botte Brooklyn LLC ("Botte Brooklyn"), Botte Cucina LLC d/b/a Botte UES ("Botte UES"), Botte Tribeca LLC ("Botte Tribeca") (collectively, "Botte Restaurants"), and Francesco Lauroni, and Valerio Fuccilo (collectively, "Defendants"), alleges:

## NATURE OF THE ACTION

1. While employed as cooks at the Botte Restaurants, Asitimbay and Azogue worked up to fifty-two hours per workweek throughout their employment, but Defendants did not pay them at the correct overtime wage rates for hours worked over forty. Defendants also failed to provide Asitimbay and Azogue with: (1) wage notices at their time of hiring or when their wage rates changed and (2) accurate weekly wage statements.

2. Plaintiffs bring this action to recover from Defendants their unpaid overtime wages liquidated damages, statutory damages, pre- and post-judgement interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C.

§ 201, *et seq.* ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL"), and the New York Wage Theft Prevention Act, NYLL §§ 195, 198 ("WTPA").

## JURISDICTION

3.      This court has subject matter jurisdiction over this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiffs' claims under the NYLL and WTPA pursuant to 28 U.S.C. § 1367.

## VENUE

4.      Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391 because majority of the events and omissions giving rise to Plaintiffs' claims occurred at Botte Brooklyn, which is located in Eastern District of New York.

## THE PARTIES

### Plaintiff Hector Asitimbay

5.      Hector Asitimbay resides in Brooklyn, New York.

6.      Defendants employed Asitimbay as a cook at Botte Brooklyn and Botte UES from approximately April 2023 until January 2026.

### Plaintiff Jose Azogue

7.      Jose Azogue resides in Bronx, New York.

8.      Defendants employed Azogue as a cook at the Botte Restaurants from approximately June 2022 until June 2026.

### Botte Brooklyn LLC

9.      Defendant Botte Brooklyn LLC is a New York limited liability company that owns, operates, and does business as Botte Italian Kitchen & Bar, an Italian restaurant located at 327 Gold Street, Brooklyn, New York 11201.

10.      New York State Liquor Authority filings reflect that Botte Brooklyn LLC maintains an active liquor license at 327 Gold Street, Brooklyn, New York 11201.

11. Throughout Plaintiffs' employment, Defendants distributed a portion of their wages on checks issued by Botte Brooklyn LLC.

12. Throughout Plaintiffs' employment, Botte Brooklyn LLC had employees, including Plaintiffs, engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13. Within the three years prior to the filing of this Complaint, Defendant Botte Brooklyn LLC had an annual gross volume of sales in excess of $500,000.

**Botte Cucina LLC**.

14. Defendant Botte Cucina LLC is a New York limited liability company that owns, operates, and does business Botte UES, located at 1601 1st Avenue, New York, New York 10028.

15. New York State Liquor Authority filings reflect that Botte Cucina LLC does business as Botte UES and maintains an active liquor license at 1601 1st Avenue, New York, New York 10028.

16. Throughout Plaintiffs' employment, Defendants distributed a portion of their wages on checks issued by Botte Cucina LLC.

17. Throughout Plaintiffs' employment, Defendant Botte Cucina LLC had employees, including Plaintiffs, engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

18. Within the three years prior to the filing of this Complaint, Botte Cucina LLC had an annual gross volume of sales in excess of $500,000.

**Botte Tribeca LLC**

19.    Defendant Botte Tribecca LLC is a New York limited liability company that owned and operated Botte Tribeca, located at 35 6th Avenue, New York, New York 10013.

20.    Botte Tribeca was one of the Botte Restaurants until its permanent closure in approximately February 2025.

21.    New York State Liquor Authority filings reflect that Botte Tribecca LLC did business as Botte Tribeca and maintained a liquor license at 6 York Street, New York, New York 10013.

22.    Throughout Plaintiffs' employment, Botte Tribecca LLC had employees, including Plaintiffs, engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

23.    Within the three years prior to the filing of this Complaint, before its closure, Defendant Botte Tribecca LLC had an annual gross volume of sales in excess of $500,000.

**Individual Defendants**

24.    Francesco Lauroni and Valerio Fuccilo (collectively, the "Individual Defendants") are the owners and principals of the Botte Restaurants.

25.    Individual Defendants are listed as principals of Botte Brooklyn and Botte UES on the New York State Liquor filings.

26.    Lauroni listed as the registered service-of-process agent for Botte Cucina LLC on the New York Department of State filings.

27.    Throughout Plaintiffs' employment, Individual Defendants held and exercised authority to hire, fire, demote, promote, discipline, set the wages, direct the

work duties, and set the work schedules of employees of the Botte Restaurants, including those of Plaintiffs.

28. Individual Defendants were present at the Botte Restaurants to oversee day to day operations and complete tasks related to operations as they arose.

29. Individual Defendants hired Plaintiffs.

30. Throughout Plaintiffs' employment at the Botte Restaurants, Individual Defendants set Plaintiffs' wages.

31. Throughout Plaintiffs' employment at the Botte Restaurants, Individual Defendants authorized Plaintiffs' wage raises.

32. Throughout Plaintiffs' employment at the Botte Restaurants, Individual Defendants had the power and authority to dismiss Plaintiffs from work on any given day, discipline Plaintiffs for poor work performance, and terminate their employment.

33. Individual Defendants also delegated this power and authority through the personnel of the Botte Restaurants, such as general managers Manuel (unknown last name), Miguel (unknown last name), Ivette (unknown last name), and Chef Daniel Mendez.

34. Individual Defendants exercised sufficient control over the operations of the Botte Restaurant and Plaintiffs' employment to be considered their employer under the FLSA and NYLL.

## FACTUAL ALLEGATIONS

**Defendants Were a Single Integrated Enterprise that Jointly Employed Plaintiffs**

35. Throughout Plaintiffs' employment, the Botte Restaurants have shared the same brand and owners Francesco Lauroni and Valerio Fuccilo.

36. Throughout Plaintiffs' employment, Individual Defendants split their days between the Botte Restaurants and exercised the same authority at each location to hire

and fire employees, set their pay rates, distribute their wages, determine their schedules, and assign them responsibilities.

37. Throughout Plaintiffs' employment, the Botte Restaurant have had unified operations and interchanged staff between the three restaurants.

38. Defendants originally hired Asitimbay to work at Botte Brooklyn but later assigned him to work at Botte UES during from August 2023 through December 2024. Asitimbay's employment conditions were identical at both restaurants as to his work duties performed and the restaurants' payment practices.

39. Individual Defendants originally hired Azogue to work at Botte Brooklyn, but, but later in approximately June 2023 assigned him to at Botte UES

40. Plaintiffs were not unique in working at the Botte Restaurants. Several other employees of Defendants worked at all three restaurants, including Daniel Mendez and Edgar (unknown last name), Jorge (unknown last name), and Santos (unknown last name).

41. Throughout Plaintiffs' employment at the Botte Restaurants, Individual Defendants created the menu for the Botte Restaurants.

42. Throughout Plaintiffs' employment at the Botte Restaurants, customers were able to see the menu, make reservations, and see each locations' details on one website.

43. Throughout Plaintiffs' employment at Botte Restaurants, the Botte Restaurants shared one Instagram account.

44. The Botte Restaurants are a single integrated enterprise for the purposes of the FLSA and NYLL, and cumulatively they have had an annual gross volume of sales in excess of $500,000 in the three years before the filing of this Complaint.

6

45. The Botte Restaurants shared and codetermined the essential terms and conditions of the employment of Plaintiffs and exercised sufficient control over their employment terms to be considered their "employers" under the FLSA and NYLL.

46. Operating as a single enterprise, the Botte Restaurants engaged in a scheme to deprive Plaintiffs of the benefits and wages required by the FLSA and the NYLL, as is explained below.

**Plaintiff Hector Asitimbay**

47. Asitimbay worked as cook for Defendants.

48. From April 2023 to approximately July 2023, Asitimbay's schedule varied, but he regularly worked thirty-six to forty hours per workweek at Botte Brooklyn.

49. During this period, Defendants paid Asitimbay $23 per hour worked.

50. In approximately August 2023 through, Defendants ordered Asitimbay to work as a cook at Botte UES, where he worked until approximately December 2023.

51. In approximately January 2024, Defendants ordered Asitimbay to work as a cook at Botte Brooklyn, where he worked until the end of his employment.

52. From approximately August 2023 to end of his employment, Asitimbay regularly worked eleven-hour shifts, from approximately 11:00 a.m. to 10:00 p.m., four days a week, and one six-hour shift on Thursday, from approximately 4:00 p.m. to 10:00 p.m. totaling fifty hours per workweek.

53. During this period, Defendants a weekly salary of $1,600 for all hours worked including hours over forty.

**Plaintiff Jose Azogue**

54. Azogue worked as cook for Defendants.

55. From June 2022 though approximately June 2023, Azogue worked as a cook at Botte Brooklyn.

56.     During this period, Defendants paid Azogue weekly salary of approximately $1,200 per hour for all hours worked, including hours over forty.

57.     In approximately July 2023, Defendants ordered Azogue to work as a cook at Botte UES, where he worked until August 2024.

58.     In approximately September 2024, Defendants ordered Azogue to work as a cook at Botte Tribeca, where he worked until its closure in February 2025.

59.     In approximately March 2025, Defendants ordered Azogue to work as a cook at Botte Brooklyn, where he worked until the end of his employment.

60.     Throughout his employment, Azogue regularly worked eleven-hour shifts, from approximately 11:00 a.m. to 10:00 p.m., four days a week, and one six-hour shift on Wednesday, from approximately 4:00 p.m. to 10:00 p.m. totaling fifty hours per workweek.

61.     From July 2023 through the end of his employment, Defendants paid Azogue a weekly salary of $1,400 for all hours worked, including hours over forty.

**Allegations Applicable to Both Plaintiffs**

62.     Throughout their employment, Plaintiffs regularly worked one to four shifts spanning over ten hours in a workweek.

63.     Throughout their employment, Defendants did not pay Plaintiffs spread-of-hours pay on days when he worked shifts spanning over ten hours.

64.     Defendants maintained records of Plaintiffs hours worked using a punch or other time recording system for purposes of paying Plaintiffs' wages.

65.     Throughout their employment at the Botte Restaurants, Plaintiffs did not interview, discipline, hire, or fire any employee.

66.     Throughout their employment at the Botte Restaurants, Plaintiffs did not recommend the interviewing, disciplining, hiring, or firing of any employee.

8

67.    Throughout their employment, Plaintiffs did not direct or instruct the work duties of other employees at the Botte Restaurants.

68.    Throughout their employment, Plaintiffs did not schedule the work hours of any other employees at the Botte Restaurants.

69.    Defendants failed to furnish Plaintiffs with a wage notice upon their hiring or when their wage rates changed reflecting, inter alia, his overtime wage rates.

70.    Throughout their employment, Defendants paid a portion of Plaintiffs' wages by check from Botte Brooklyn LLC and Botte Cucina LLC with an accompanying uncompliant wage statement.

71.    Had Defendants complied with the WTPA by issuing compliant wage statements to Plaintiffs, they would have realized that they were being underpaid and would have acted sooner to rectify Defendants' unlawful wage payment practices.

72.    A wage notice and wage statements in compliance with labor law regulations would have clarified the overtime rate that Peralta should have been paid for hours worked over forty per workweek.

### FIRST CLAIM
### (FLSA – Unpaid Overtime Wages)

73.    Plaintiffs repeat and incorporate all paragraphs above by reference.

74.    Defendants are employers within the meaning of 29 U.S.C. §§ 203(d) and 207(a), and they employed Plaintiffs.

75.    Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs one and one-half (1½) times their regular hourly wage rates for hours worked over forty per workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

76. Due to Defendants' violations of the FLSA, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

**SECOND CLAIM**
**(NYLL – Unpaid Overtime Wages)**

77. Plaintiffs repeat and incorporate all paragraphs above by reference.

78. Defendants are employers within the meaning of the NYLL §§ 190, 651(6), 652 and supporting NYDOL Regulations and employed Plaintiffs.

79. Under the NYLL and supporting NYDOL regulations, including 12 NYCRR §§ 146-1.4, 142-2.2, Defendants were required to pay Plaintiffs one and one-half (1 ½) times their regular wage rates, for all hours worked over forty per workweek.

80. Defendants failed to pay Plaintiffs the overtime wages to which they were entitled under the NYLL.

81. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs overtime wages at the correct overtime hourly wage rates.

82. As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs.

**THIRD CLAIM**
**(NYLL – Spread-of-Hours Pay)**

83. Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

84. Defendants willfully failed to pay Plaintiffs additional compensation of one hour's pay at the basic minimum hourly wage rate for each day during which they worked shifts spanning over ten hours, in violation of the NYLL and its supporting NYDOL regulations. *See* 12 NYCRR § 146-1.6.

85.    As a result of Defendants' willful violations of the NYLL, Plaintiffs are entitled to recover their unpaid spread-of-hours pay, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and **costs**

**FOURTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Notices)**

86.    Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

87.    The NYLL's WTPA requires employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

88.    As part of their scheme to avoid paying Plaintiffs their overtime wages due and in violation of NYLL § 195(1), Defendants failed to furnish Plaintiffs, at the time of hiring or whenever their rates of pay changed, with a wage notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law.

89.    As part of their general practice and policy, Defendants did not provide Plaintiffs with wage notices to: (1) conceal from Plaintiffs the overtime rates they should have received, (2) obstruct Plaintiffs from knowing, complaining about, and rectifying Defendants' unlawful wage payment practices, and (3) avoid paying the required overtime wages to Plaintiffs.

90.    As a result of Defendants' violations of NYLL § 195(1), Plaintiffs are

entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1–b).

**FIFTTH CLAIM**
**(NYLL WTPA – Failure to Provide Wage Statements)**

91.    Plaintiffs repeat and incorporate all foregoing paragraphs by reference.

92.    The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

93.    As part of their scheme to avoid paying Plaintiffs their overtime wages due, Defendants failed to furnish Plaintiffs with accurate statements with each wage payment accurately listing: rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

94.    As part of their general practice and policy, Defendants did not provide Plaintiffs with accurate wage statements in order to: (1) conceal from Plaintiffs the overtime wages they should have received and the precise number of overtime hours they worked per workweek, (2) obstruct Plaintiffs from knowing, complaining about, and rectifying Defendants' unlawful wage payment practices, and (3) avoid paying the required overtime wages to Plaintiffs.

95.    As a result of Defendants' violations of NYLL § 195(1), Plaintiffs are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL § 198(1-d).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court enter a judgment:

a.    declaring that Defendants have violated the overtime wage provisions of the FLSA, NYLL, and NYDOL Regulations;

b.    declaring that Defendants violated the spread-of-hours pay provision of the NYLL and NYDOL Regulations;

c.    declaring that Defendants violated the wage notice and wage statement provisions of the NYLL's WTPA;

d.    declaring that Defendants' violations of the FLSA and NYLL were willful;

e.    declaring that the Botte Restaurants were Plaintiffs' joint employer and as such both entities are jointly and severally liable for the claims set forth in this Complaint;

f.    awarding Plaintiffs unpaid overtime wages;

g.    awarding Plaintiffs unpaid spread-of-hours pay;

h.    awarding Plaintiffs liquidated damages in an amount equal to the total amount of the wages found to be due;

i.    awarding Plaintiffs statutory damages as a result of Defendants' failure to furnish accurate wage statements pursuant to the WTPA;

j.    awarding Plaintiffs pre- and post-judgment interest under the NYLL;

k.    awarding Plaintiffs reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

l.    awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury in this action.

Dated:  New York, New York
    July 30, 2026

PECHMAN LAW GROUP PLLC


By: _____
   Louis Pechman
   Rachell Henriquez
   488 Madison Avenue, 17th Floor
   New York, New York 10022
   Tel.: (212) 583-9500
   pechman@pechmanlaw.com
   henriquez@pechmanlaw.com
   *Attorneys for Plaintiffs*
